Fremont-Smith, Thayer, J.
Massachusetts Department of Correction (“DOC”) inmates Rosario Guzzi, Leland Bagdon, and Jose Fuentes (collectively “the plaintiffs”) brought this suit against DOC personnel Kathleen Dennehy, Paul Verdini, and Officer Boyland (collectively “the defendants”) seeking damages and both injunctive and declaratory relief. In their February 2004 complaint, the plaintiffs protested a DOC policy promulgated in 103 Code Mass. Regs. 481.00 (2003) which prohibited prisoners from receiving extracts of internet material by mail and which thus authorized prison officials like the defendants to confiscate such materials. The complaint alleges that such materials which had been mailed to them were confiscated on several occasions in 2003.
The defendants here move for summary judgment on the federal claims, arguing that they did not violate any clearly established First Amendment rights of the plaintiffs and are in any event, immunized from suit by qualified immunity. The defendants also move for summary judgment on the state law claims, contending that the plaintiffs have failed to state a claim for relief under Massachusetts law and that the equitable relief they seek is, in any event, now moot.
This court allows summary judgment when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively that there is no triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Comm’ns Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
With respect to plaintiffs’ claim for damages, it is true that “(plrisoners retain their First Amendment right to receive information while incarcerated” and that this First Amendment right is operative “unless it is inconsistent with a person’s status as a prisoner or with the legitimate penological objectives of the corrections system.” Clement v. Cal. Dept. of Corrs., 364 F.3d 1148, 1151 (9th Cir. 2004). Nevertheless, in regard to a 42 U.S.C. §1983 claim against a government official for money damages, such an official is shielded from liability insofar as his conduct did not violate “clearly established statutory or constitutional rights of which a reasonable person would have known.” Longval v. Comm’r of Corr., 448 Mass. 412, 418 (2007), quoting Rodrigues v. Furtado, 410 Mass. 878, 882 (1991), and Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).
Although Massachusetts case law is silent on the issue, the First Circuit Court of Appeals had earlier opined that the DOC could constitutionally employ a so-called “publishers-only” rule like the one used here in 2003. See Kines v. Day, 754 F.2d 28 (1st Cir. 1985) (upholding a “publishers-only” rule). Accord Jones v. Salt Lake County, 503 F.3d 1147, 1158-59 (10th Cir. 2007); Ward v. Washtenaw County Sheriff’s Dept., 881 F.2d 325, 329 (6th Cir. 1989). A “law is clearly established either if courts have previously ruled that materially similar conduct was unconstitutional, or if a general constitutional rule already identified in the decisional law applies with obvious clarity to the specific conduct at issue.” Jennings v. Jones, 499 F.3d 2, 16 (1st Cir. 2007), quoting United States v. Lanier, 520 U.S. 259, 271 (1997). In determining whether the right asserted here is clearly established, this Court “must canvass controlling authority in its own jurisdiction and, if none exists, attempt to fathom whether there is a consensus of persuasive authority elsewhere.” Asociacion v. Fiores Galarza, 484 F.3d 1, 33 (1st Cir. 2007), citing Savard v. R.I., 338 F.3d 23, 28 (1st Cir. 2003). A violation by defendants of a clearly established right not to be denied access to mail on the basis of its origin could, therefore, only have arisen as a result of the Ninth Circuit’s contrary Clement decision in 2004. All of defendants’ wrongful conduct, however, is alleged to have occurred in 2003. Not only had Clement not been decided, but decisions by the federal courts of California are not binding in Massachusetts where neither the Supreme Court of the United States nor any other court with jurisdiction over Massachusetts has decided the issue. Thus, the plaintiffs have failed to raise any issue of material fact upon which it could be found that the defendants violated any clearly established statutory or constitutional right which would entitle plaintiffs to damages.
The plaintiffs are also not entitled to injunctive or declaratory relief. Beginning in May of2004, once this suit had originated and Clement had been decided, the DOC changed its policy so as to permit prisoners to *208 receive up to five pages per day of extractions from internet publications through the mail. 103 Code Mass. Regs. 481.00. This new regulation is clearly constitutional under the analysis required by Turner v. Safley, 482 U.S. 78, 89-90 (1987), because (1) it has a valid, rational connection with the DOC’s legitimate and neutral concerns about prison security; (2) prisoners can still access these materials in other forms; (3) invalidating the regulation at issue would make it more difficult for prison officials to search incoming materials for contraband; and (4) the plaintiffs have failed to suggest an alternative regulation that would accommodate their rights at a de minimis cost to the DOC’s security goals. See Cacicio v. Sec’y of Pub. Safety, 422 Mass. 764, 770 (1996) (adopting the Turner standard for review of prison regulations). Moreover, federal courts have determined that similar prison regulations which limit the volume of such mail are constitutional under this standard. Indeed, the district court in Clement itself noted in dicta that if “officials believe that the safety and security of the prison is threatened by an increase in the quantity of mail . . . they could regulate the number of pieces of correspondence received by each inmate.” Clement, 220 F.Sup.2d 1098, 1110 (N.Dist.Cal. 2002).
While plaintiffs are not entitled to injunctive relief in the present circumstances, however, their suit has not been unavailing. As a result of their suit and the Ninth Circuit decision in Clement, the DOC did substantially modify its policy with respect to a prisoner’s right to receive such materials in the mail.
ORDER
For the foregoing reasons, the defendants’ motion for summaiy judgment is ALLOWED and judgment shall be entered for the defendants.